IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CYNTHIA HIGGINS,              )
                              )
           Plaintiff,         )
                              )
     v.                       ) Civil Action No. 07-300J
                              )
MICHAEL J. ASTRUE,            )
COMMISSIONER OF               )
SOCIAL SECURITY,              )
                              )
           Defendant.         )

## MEMORANDUM JUDGMENT ORDER

AND NOW, this 16th day of March, 2009, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 11) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for benefits on November 22, 2005, alleging a disability onset date of September 28, 2005, due to chronic obstructive pulmonary disease (COPD), back problems and joint disease. Plaintiff's application was denied initially. At plaintiff's request an ALJ held a hearing on January 8, 2007, at which plaintiff, represented by counsel, appeared and testified. On March 13, 2007, the ALJ issued a decision finding that plaintiff is not disabled. On September 14, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 47 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). She has at least a high school education. Plaintiff has past relevant work experience as a certified nurse's assistant and a phlebotomist, but she has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the

Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of chronic obstructive pulmonary disease (COPD) and depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity for work at the medium exertional level but with certain restrictions recognizing the limiting effects of her impairments. (R. 20). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity at the medium, light and sedentary exertional levels.[1] Relying on the vocational expert's testimony, the ALJ found that, although plaintiff cannot perform her past relevant work, she is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period

---

[1] Specifically, the vocational expert identified breading machine tender, order runner and bicycle assembler at the medium exertional level; recreation aide at the light exertional level, and charge account clerk and call-out operator at the sedentary exertional level. (R. 24-25).

of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §404.1520. If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises four challenges to the ALJ's findings: (1) the ALJ improperly analyzed the medical evidence by failing to give appropriate weight to opinions from treating sources; (2) the ALJ failed to consider the impact of all of plaintiff's medical conditions, severe and not severe, in combination in

---

[2] The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §404.1520a.

assessing plaintiff's residual functional capacity; (3) the ALJ's hypothetical to the vocational expert failed to account for all of plaintiff's impairments, both severe and not severe; and, (4) the ALJ failed to undertake a function by function assessment of plaintiff's ability to perform work-related activities. Upon a review of the record, the court finds that all of the ALJ's findings and conclusions are supported by substantial evidence.

Plaintiff's first argument is that the ALJ improperly evaluated the medical evidence by erroneously failing to consider or give controlling weight to certain opinions of her treating sources. Specifically, plaintiff points to: (1) a letter dated May 5, 2006, in which treating physician Dr. Pickerill suggests that plaintiff is "unable to work." (R. 265); (2) a report from psychiatrist Dr. Singerman who opined that plaintiff cannot "sustain activity to work in any capacity." (R. 284-85); and, (3) a GAF score of 50, indicating an inability to maintain employment, assessed in a psychiatric evaluation conducted on October 12, 2006, by a certified nurse practitioner and signed by psychiatrist Dr. Cassone. (R. 291). After reviewing the record, the court is satisfied that the ALJ's evaluation of the foregoing medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); <u>Fargnoli</u>, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment

is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in the ALJ's conclusions. The ALJ expressly addressed both Dr. Pickerill's opinion and Dr. Singerman's and explained why he did not give those opinions significant weight. In particular, the ALJ noted that Dr. Pickerill's opinion is not supported even by his own treatment record which "lacks any objective medical findings to support the sudden and severe decrease in [plaintiff's] lung function." (R. 23). In fact, the ALJ noted that Dr. Pickerill himself stated he could not explain plaintiff's worsening lung function and, although he "suspected" pulmonary hypertension or pulmonary vascular disease, there is no evidence that plaintiff suffers from either coronary artery or valvular disease. (Id.)

Likewise, the ALJ adequately explained his rationale for giving little weight to Dr. Singerman's opinion that plaintiff is unable to sustain any work activity in any capacity. (R. 23). The ALJ noted that Dr. Singerman's opinion was not supported by

plaintiff's psychiatric treatment record and was inconsistent both with the opinion of Dr. Haslett, a clinical psychologist who conducted a consultative examination of plaintiff, and the objective results of the psychiatric evaluation plaintiff underwent on October 12, 2006. (R. 23).

The record clearly supports the ALJ's evaluation of the foregoing medical evidence. First, the opinion of a physician, treating or otherwise, on the ultimate determination of disability never is entitled to special significance. 20 C.F.R. §404.1527(e); SSR 96-5p. Here, based upon his review of the *entire* record, the ALJ concluded that plaintiff's impairments, while severe, do not preclude her from performing *any* substantial gainful activity as suggested by Dr. Pickerill and Dr. Singerman. Because those opinions are not supported by the objective medical evidence and are inconsistent with other substantial evidence in the record, including their own findings, the ALJ did not err in not giving those opinions controlling, or even significant, weight. 20 C.F.R. §404.1527(d); SSR 96-2p.

To the extent plaintiff suggests that the ALJ improperly relied on the opinions of the non-examining state agency reviewing psychologist, Dr. Haslett, at the expense of her treating sources, that argument is not well-taken. Pursuant to the Regulations, state agency psychological consultants are "highly qualified ... psychologists who are also experts in Social Security disability evaluation." 20 C.F.R. §404.1527(f)(2)(i). Accordingly, while not bound by findings made by reviewing psychologists, the ALJ is

to consider those findings as opinion evidence, and is to evaluate them under the same standards as all other medical opinion evidence. 20 C.F.R. §404.1527(f)(2)(ii); SSR 96-6p.

Here, the ALJ evaluated Dr. Haslett's findings as well as Dr. Singerman's and found that Dr. Haslett's were entitled to greater weight as being more consistent with the objective medical findings and with the overall record as a whole. The ALJ adequately explained his reasons for doing so and set forth the objective evidence which he believed supported his finding. (R. 23). The court is satisfied that the ALJ's evaluation of Dr. Haslett's report also is supported by substantial evidence.

Finally, the court also finds no error in the ALJ's evaluation of plaintiff's GAF score of 50, indicating "serious" symptoms, as calculated in the psychiatric evaluation of October 12, 2006. The use of the GAF scale, which considers psychological, social and occupational functioning on a hypothetical continuum of mental health,[3] is not endorsed by the Social Security Administration because its scores do not have a direct correlation to the disability requirements and standards of the Act. See 65 Fed.Reg. 50746, 50764-65 (2000). Instead, the ALJ is to consider the clinical findings contained in the narrative reports of medical sources, and is to weigh that evidence under the standards set forth in the regulations for evaluating medical opinion evidence, taking into account numerous

---

[3]. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV) (4th ed. 1994).

factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d). The ALJ did so here and the court is satisfied that the ALJ properly considered plaintiff's GAF score in evaluating plaintiff's mental health impairments and their impact on her ability to perform sustained work activity. (R. 22).

In sum, the ALJ did a thorough job in his decision in setting forth the relevant medical evidence and explaining why he rejected or discounted any evidence. (R. 22-23). The court has reviewed the ALJ's decision and the record as a whole and is convinced that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Plaintiff's second argument is that the ALJ failed to consider the impact of all of plaintiff's medical conditions, severe and not severe, in combination in assessing plaintiff's residual functional capacity. Specifically, plaintiff contends that the ALJ failed to consider the conditions of limb movement disorder, post traumatic stress disorder, chronic bronchial asthma, chronic bronchitis and restrictive lung disease, and the impact of those impairments on plaintiff's ability to perform work on a sustained basis. Plaintiff's argument is belied by the record.

First, the crux of plaintiff's claim for benefits as it relates to her physical condition is her difficulty breathing. The ALJ expressly found that plaintiff suffers from the severe impairment of COPD which encompasses her breathing difficulties

whether they be attributed to asthma, bronchitis and/or restrictive lung disease, and, in assessing plaintiff's residual functional capacity, the ALJ took into account all limitations supported by the record arising from plaintiff's breathing difficulties, whether they be attributed to COPD or to asthma, bronchitis or restrictive lung disease. The court is satisfied that the ALJ's residual functional capacity finding adequately accounts for all limitations arising from plaintiff's breathing problems.

Although plaintiff now argues on appeal that the ALJ failed to consider limb movement disorder and post-traumatic stress syndrome, plaintiff did not mention either of those conditions as a basis for disability during the entire administrative proceeding. In addition, while it is true that the record does contain diagnoses of limb movement disorder and post-traumatic stress syndrome, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). Accordingly, a mere diagnosis of an impairment, or even a finding that an impairment is severe, does not dictate a finding of disability. Here, plaintiff has failed to allege, either to the Commissioner or to this court, a single limitation arising from either limb movement disorder or post-traumatic stress disorder which would impair her ability to perform substantial gainful activity.

Finally, to the extent plaintiff argues that, in arriving at his residual functional capacity finding, the ALJ failed to consider the combined effects of all of plaintiff's medical conditions, both severe and non-severe, again, the record fails to support plaintiff's position. The ALJ specifically noted in his decision that he considered all of plaintiff's impairments in combination and the ALJ's residual functional capacity finding, which incorporates limitations arising from all of plaintiff's impairments, demonstrates that he did just that. The court has reviewed the record and is satisfied that in assessing plaintiff's residual functional capacity the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's assessment is supported by substantial evidence.

Plaintiff next argues that the ALJ erroneously relied upon the vocational expert's response to a hypothetical which did not take into account all of plaintiff's impairments and limitations. However, plaintiff does not point to any specific limitations for which the ALJ failed to account but instead merely alleges that, in questioning the vocational expert, the ALJ failed to consider plaintiff's diagnoses of limb movement disorder, post-traumatic stress syndrome, chronic asthma, chronic bronchitis and restrictive lung disease. As discussed above, however, the record does not support any additional limitations beyond those enumerated in the ALJ's residual functional capacity finding.

AO 72
(Rev 8/82)

A hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record. Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984). Here, the ALJ properly relied upon the vocational expert's response to a hypothetical based upon the ALJ's residual functional capacity finding which did account for all of plaintiff's impairments and limitations <u>supported by the record</u>, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's step 5 finding.

Plaintiff's final argument is that the ALJ failed to perform a function-by-function assessment of plaintiff's ability to perform work-related activities as required by SSR 96-8p. The court has reviewed the ALJ's decision and is satisfied that it complies with the dictates of SSR 96-8p in regard to the assessment of plaintiff's residual functional capacity. The ALJ first identified plaintiff's functional limitations and restrictions and then assessed her work-related abilities as to those functions affected by those restrictions, including those set forth in 20 C.F.R. §404.945(b), (c) and (d). The ALJ then incorporated into his residual capacity finding all restrictions on plaintiff's functional abilities arising from her impairments that were supported by the record, including physical, environmental and mental restrictions. (R. 20). The ALJ's residual functional capacity assessment complies with the requirements of SSR 96-8p and otherwise is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: John D. Gibson, Esq.
    131 Market Street
    Suite 200
    Johnstown, PA 15901

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901

AO 72
(Rev 8/82)

- 13 -